# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.   CASE NO: 8:19-cr-32-CEH-AAS

ORLANDO ESPANA SOLIS
_____

## ORDER

This cause comes before the Court on Defendant Orlando Solis-Espana's[1] motion for compassionate release. Doc. 144. Proceeding *pro se*, Solis-Espana requests compassionate release because a heart condition and his incarceration renders him vulnerable to COVID-19. The Government opposes Solis-Espana's motion. Doc. 149.

Upon review and consideration, and being fully advised in the premises, the Court will deny the motion.

### I.   BACKGROUND

On June 13, 2019, Solis-Espana was sentenced to 120 months' incarceration on his guilty plea to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. Doc. 76. *Id.* Now 38, Solis-Espana is incarcerated at USP Thomson.

Solis-Espana moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A), arguing that extraordinary and compelling reasons exist because of the COVID-19

---

[1] Although the defendant's name is listed in court records as Orlando Espana-Solis, he refers to himself as Orlando Solis-Espana in the instant motion. The Court will therefore refer to him as Solis-Espana in this Order.

pandemic. Doc. 144. Solis-Espana contends that his release is warranted because a pre-existing heart condition makes him susceptible to COVID-19, of which prison inmates are especially at risk. He also argues that he does not present a risk to the community if released, particularly as he expects to be deported and he had no criminal history before the instant case. *Id.*

In response, the Government argues that Solis-Espana failed to exhaust his administrative remedies, and, in any event, has not met his burden to demonstrate extraordinary and compelling reasons that warrant compassionate release. Doc. 149.

## II.  LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c). Effective December 21, 2018, section 603 of the First Step Act of 2018 amended section 3582(c)(1)(A) by adding a provision that allows incarcerated individuals to directly petition a district court for compassionate release. That provision states:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> > (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of*

> *such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>
>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. . . .

18 U.S.C. § 3582(c)(1) (italics reflecting amendment under First Step Act). Courts are to consider the factors listed in 18 U.S.C. § 3553(a), as applicable, as part of the analysis.[2] *See* § 3582(c)(1)(A).

---

[2] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records

### III.     DISCUSSION

As a threshold matter, the Court finds that Solis-Espana has adequately exhausted his administrative remedies, contrary to the Government's contention. Under 18 U.S.C. § 3582(c)(1), a defendant must exhaust administrative remedies with the Bureau of Prisons prior to filing a motion for compassionate release. "Section 3582(c)(1)(A) unambiguously provides that a defendant may either move for compassionate release after the defendant has fully exhausted administrative remedies *or* 'the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.'" *United States v. Smith*, 482 F. Supp. 3d 1218, 1223 (M.D. Fla. 2020) (emphasis in original) (quoting 18 U.S.C. § 3582(c)(1)(A)). Solis-Espana submitted his request for compassionate release to the warden on December 21, 2020, before filing the instant motion on March 15, 2021—more than 30 days later. Doc. 149.  The Government argues that Solis-Espana has not exhausted his administrative remedies since he has not "[a]dministratively appealed the Warden's denial" of his request for compassionate release. Doc. 149 at 2.  However, since Solis-Espana filed his motion more than 30 days after submitting his request, he has satisfied the exhaustion requirement.

Still, Solis-Espana has not established an extraordinary and compelling reason that warrants compassionate release. Under *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013), a defendant must establish that a sentence reduction is

---

who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

warranted. Specifically, under 18 U.S.C. § 3582(c)(1)(A) as amended by the First Step Act, a defendant must show (1) that he is 70 years old and has served at least 30 years of incarceration and meets other enumerated criteria; or (2) that he has an extraordinary and compelling reason for compassionate release. The Eleventh Circuit has held that "extraordinary and compelling reasons" that permit the grant of compassionate release are exclusively defined by the policy statement of the United States Sentencing Commission contained in U.S.S.G. § 1B1.13, cmt. n.1. *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021). Such reasons are: the defendant's medical condition, his age, his family circumstances, or another reason that is determined by the Director of the Bureau of Prisons. U.S.S.G. § 1B1.13, cmt. n.1. This list of reasons is exhaustive. *Bryant*, 996 F.3d at 1265-66.

Here, Solis-Espana is 38 years old and was not sentenced until 2019. Thus, he does not qualify for compassionate release under the first provision of 18 U.S.C. § 3582(c)(1)(A) and must instead demonstrate an extraordinary and compelling reason to satisfy § 3582(c)(1)(A). Solis-Espana argues that the combination of the COVID-19 pandemic, his vulnerability to it because of a pre-existing heart condition and incarceration, and not being a risk to society constitute such a reason.

Under the policy statement at U.S.S.G. § 1B1.13, cmt. n.1(A), an incarcerated individual's medical condition may provide an extraordinary and compelling reason to support a reduction in sentence when he is: (1) suffering from a terminal illness, i.e., a serious and advanced illness with an end of life trajectory; or (2) suffering from a serious physical or medical condition that substantially diminishes his ability to care

for himself within the prison environment and from which he is not expected to recover. U.S.S.G. § 1B1.13, cmt. n. 1(A).

Solis-Espana argues that his pre-existing heart condition, coupled with his incarceration, places him at a heightened risk of serious harm from COVID-19. However, he has not provided sufficient evidence to satisfy the policy statement's criteria for a medical condition that constitutes an extraordinary and compelling reason. Although he has tested positive for latent tuberculosis ("TB") and has suffered from heart palpitations, he has had multiple chest x-rays and an electrocardiogram ("ECG") that have all shown that "[his] heart is normal". Doc. 149-3.[3] Further, the Bureau of Prisons ("BOP") stated that it would continue to monitor Solis-Espana's TB and prescribed additional ECGs in the event of future heart palpitation episodes. Doc. 149-3 at 25. All in all, Solis-Espana's medical records show that the BOP is conscious of his heart issues and is monitoring them to maintain his otherwise good health. The evidence does not demonstrate that his medical conditions rise to the severe level contemplated by the policy statement.

Solis-Espana argues that compassionate release is warranted because his heart condition and incarceration make him vulnerable to COVID-19. Doc. 78. The Court acknowledges the risks that the COVID-19 pandemic poses to vulnerable individuals, particularly in a congregate setting. However, the Eleventh Circuit has held that the

---

[3] Examples of some of the x-ray readings include: "the heart is normal"; "the cardiac silhouette is normal"; "[n]o radiographic evidence for an acute cardiopulmonary process"; and "the heart is normal in size and configuration". Doc. 149-3 at 15, 18, 82, 83, 112, 119.

COVID-19 pandemic does not permit a district court to deviate from the policy statement's requirements even where an incarcerated individual's medical conditions put him at particular risk of serious consequences from contracting COVID-19. *See United States v. Giron*, 15 F.4th 1343, 1346-47 (11th Cir. 2021) (the confluence of defendant's medical conditions and the COVID-19 pandemic did not create an extraordinary and compelling reason for compassionate release); *see also*, *e.g.*, *United States v. Willhite*, No. 21-10441, 2022 WL 424817, *1-2 (11th Cir. Feb. 11, 2022) (same); *United States v. Pearson*, No. 21-10750, 2021 WL 4987940, *1-2 (11th Cir. Oct. 27, 2021) (same).[4] Solis-Espana has not established that his medical conditions, with or without the COVID-19 pandemic, constitute an extraordinary and compelling reason that warrants compassionate release.

---

[4] In his motion, Solis-Espana cites several cases from district courts in other circuits granting compassionate release based on medical conditions and the COVID-19 pandemic. *See* Doc. 144 at 5-6., citing *United States v. Atkinson*, No. 2:19-CR-55 JCM (CWH), 2020 WL 1904585 (D. Nev. Apr. 17, 2020) (granting defendant's motion to modify sentence because he had exhausted his administrative remedies and had a preexisting medical condition that made him particularly susceptible to COVID-19); *United States v. Amarrah*, 458 F. Supp. 3d 611 (E.D. Mich. 2020) (granting defendant's motion for release from custody because he suffered from a serious physical or medical condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which [he] is not expected to recover); *United States v. Ben-Yhwh*, 453 F. Supp. 3d 1324 (D. Haw. 2020) (granting defendant's motion to modify sentence for extraordinary and compelling reasons since he had Parkinson's Disease, asthma, and diabetes); *United States v. Asaro*, No. 17-CR-127 (ARR), 2020 WL 1899221 (E.D. N.Y. Apr. 17, 2020) (granting defendant's motion for compassionate release because of his age, preexisting conditions, and COVID-19 pandemic, constituted an extraordinary and compelling reason). However, this Court is bound by the contrary Eleventh Circuit decisions that clarified the legal framework of compassionate release motions related to the COVID-19 pandemic. It cannot follow conflicting decisions from outside of the Eleventh Circuit.

Finally, Solis-Espana also cannot rely on the fourth type of extraordinary and compelling reason listed in the policy statement. Under this provision, often described as a "catch-all" provision, compassionate release may be warranted if, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13, cmt. n. 1(D). The Eleventh Circuit has held that this provision must be interpreted literally. *Bryant*, 996 F.3d 1243. Therefore, an identified reason requires approval from the Director of the Bureau of Prisons before it can be considered extraordinary and compelling. *Id.*; *Giron*, 15 F.4th at 1350 ("district courts are bound by U.S.S.G. § 1B1.13 when granting compassionate release and…only the Bureau of Prisons can expand the extraordinary and compelling reasons under the catch-all provision"). Here, Solis-Espana has not demonstrated that the BOP has approved his identified reasons as extraordinary and compelling. *See Giron*, 15 F.4th at 1347 (rejecting defendant's argument that his medical conditions and the COVID-19 pandemic fell under the catch-all provision). As a result, his motion for compassionate release must be denied.[5]

Accordingly, it is **ORDERED**:

1. Defendant Solis-Espana's motion for compassionate release (Doc 144) is **DENIED**.

---

[5] Because the Court has determined that Solis-Espana is not eligible for a sentence reduction based upon its finding that no extraordinary or compelling reason exists, it need not analyze the factors listed in 18 U.S.C. § 3553(a), including his lack of criminal history. *See* Doc. 268 at 13-14.

8

**DONE** and **ORDERED** in Tampa, Florida on July 21, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties